UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA LOPEZ DORE,<br><br>            Plaintiff,<br><br>     -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 21-cv-3928 |

*Appearances*:
*For Plaintiff*:
CHARLES E. BINDER
Law Office of Charles E. Binder and
Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

*For Defendant*:
BREON PEACE
United States Attorney
JOHANNY SANTANA
Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

Plaintiff Sonia Lopez Dore ("Dore") obtained past-due disability benefits after this Court vacated the Social Security Administration's ("SSA") denial of her benefits claim. Pending before the Court is Attorney Charles E. Binder's ("Binder") motion under 42 U.S.C. § 406(b) for $22,947 in attorney's fees.

After this Court remanded Dore's claim to the Commissioner for further proceedings on March 21, 2022, SSA sent Dore a Notice of Award letter dated January 3, 2023. The letter advised Dore that she was due benefits and that $22,947 was being withheld for a potential attorney's fees request, which represented no more than 25% of Dore's retroactive benefits. Binder filed the

1

instant § 406(b) motion on January 19, 2023. This Court previously awarded Binder $5,852.80 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Binder expended approximately 23.6 hours for services at the district court level.

## 1. Timeliness

Section 406(b) motions can be filed within fourteen days, plus a three-day mailing period, from "when the claimant receives notice of the benefits calculation." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 91 (2d Cir. 2019); Fed. R. Civ. P. 54(d)(2)(B). Binder filed the instant motion on January 19, 2023, sixteen days after the Notice of Award Letter's date. Binder's motion is therefore timely.

## 2. Reasonableness of Fees Requested

Lawyers for prevailing plaintiffs in Social Security actions are entitled to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." 42 U.S.C. § 406(b). The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision allows contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Second Circuit courts weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% maximum; (2) whether it is the product of fraud or

attorney overreach; and (3) whether it is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In 2022, the Second Circuit provided additional factors for identifying a windfall: (1) the lawyer's ability and expertise and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, including any representation at the agency level, which can indicate the case's complexity, "the lawyering skills necessary," its risks, "and the significance of the result achieved in district court," (3) the claimant's satisfaction, and (4) how uncertain the award of benefits was and the effort it took to achieve it. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (internal quotations omitted). Benefits that are "large in comparison to the amount of time counsel spent on a case" warrant a "downward adjustment" in attorney's fees awarded. *Gisbrecht*, 535 U.S. at 808.

Here, Binder requests a fee of $22,947, which SSA indicated is 25% of the retroactive benefits award. There is no evidence of fraud or overreach, and 25% matches Binder's contingency arrangement with Dore. Thus, the only question is whether an award of $22,947 for 26.3 hours of work (a de facto rate of $872.51 per hour) would constitute a windfall. This is within the range approved by courts and less than what was deemed reasonable by the Second Circuit in *Fields*, and would therefore not be a windfall. See *Hughes v. Saul*, No. 20-CV-01609 (ER), 2022 WL 2161191 at *1 (E.D.N.Y. Jun. 15, 2022) (approving de facto rate of $1,010.40);

3

*Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th at 851, 856 (finding reasonable a fee request for Binder's services at a de facto hourly rate of $1,556.98); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (approving a $1,506.32 hourly rate). In addition, the hours spent on the federal case are reasonable. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (listing multiple cases approving 40 or more hours for obtaining a remand). There are no objections to Binder's expertise or the quality of his representation of Dore. Since 2020, Binder has represented Dore in both administrative and federal court proceedings. No concerns about Dore's satisfaction with her representation have been raised.

    Upon receipt of the attorney's fees, Binder must remit his $5,852.80 EAJA award to Dore, as "the claimant's attorney must refund to the claimant the amount of the smaller fee" between EAJA and § 406(b) fee awards. *Gisbrecht*, 535 U.S. at 789.

## CONCLUSION

The motion for attorney's fees is GRANTED. The Commissioner is ordered to disburse $22,947 to Binder. Upon receipt of these funds, Binder is ordered to remit the $5,852.80 EAJA award to Dore.

**SO ORDERED.**

    _/S/ Fredric Block_____
    FREDERIC BLOCK
    Senior United States District Judge

Brooklyn, New York
February 17, 2023